PHILLIP A. TALBERT
United States Attorney
KRISTIN F. SCOTT
ROSANNE L. RUST
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br><br>           v.<br><br>MARIA DULCE PINO DICKERSON,<br><br>                        Defendant. | CASE NO. 2:24-cv-02379-JAM-SCR<br><br>**ORDER GRANTING UNITED STATES' UNOPPOSED MOTION TO INTERVENE (ECF No. 12)** |

## I.  INTRODUCTION

The United States seeks a stay of the above-captioned Securities and Exchange ("SEC") enforcement action with leave to seek extensions, due to criminal prosecution of the same defendant ("Dickerson") in *United States v. Maria Dickerson, aka "Dulce Pino," aka "Maria Dulce Pino Dickerson," aka "Dulce Brubaker*, 2:24-CR-00252-JAM (the "Criminal Case").

Pursuant to Federal Rule of Civil Procedure 24, the United States seeks to intervene and stay *Securities and Exchange Commission v. Maria Dulce Pino Dickerson*, Case No. 2:24-CV-02379-JAM-SCR (the "Civil Case"), to preserve the integrity of the prosecution of the United States' Criminal Case, advance the public interest, and prevent circumvention of criminal discovery through civil requests and related litigation. The United States has conferred with the SEC and learned that the SEC does not oppose the United States' requested stay. Further, Dickerson, through her counsel in the Criminal Case, does not oppose this motion.

UNITED STATES' MOTION TO INTERVENE AND STAY             1

## II. LAW AND ARGUMENT

Under Rule 24(a)(2), any person may intervene in an action when that person "claims an interest relating to the property or transaction that is the subject of the action, and [he] is so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest . . . ." Alternatively, Rule 24(b)(1)(B) permits intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Rule 24 "traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

With respect to the requested stay, this Court has discretion to stay civil proceedings "'when the interests of justice seem [ ] to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)). Whether to grant a stay generally involves a balancing of various interests, including those of the civil litigants, but "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)).

Under Rule 24(a)(2), a party seeking intervention as of right must show that: (1) the application is timely; (2) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Arakaki*, 324 F.3d at 1083.

Here, the United States' motion meets these requirements. This motion is timely because Dickerson has not yet answered the SEC's Complaint and the parties have not yet commenced discovery in the SEC case. *See, e.g., SEC v. Holcom*, No. 12-CV-1623-H (JMA), 2013 WL 12073831, at *2 (S.D. Cal. Sept. 6, 2013) (finding action timely where the parties had "engaged in little, if any, discovery"). "It is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." *Bureerong*, 167 F.R.D. at 86 (collecting cases). Moreover, the United States has a

"distinct and discernable interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter" and "[c]learly, neither the [p]laintiffs nor the [d]efendants have this identical interest." *Id.* (quotations omitted).

Rule 24(b)(1)(B) provides an alternative basis for intervention. A party may intervene in a civil action when it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In addition to considering whether common questions exist, courts must also consider whether: (1) there is an independent ground for jurisdiction; and (2) "intervention will unduly delay or prejudice the adjudication of the original parties' rights." *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008) (quoting Fed. R. Civ. Pro. 24(b)(3)). The United States meets these requirements as well.

First, the factual allegations in the SEC's Complaint are substantially similar to the conduct charged in the criminal Indictment. The United States Attorney's Office has an independent jurisdictional ground for intervention under 28 U.S.C. § 1345. *See Nicholas*, 569 F. Supp. 2d at 1068. Second, no independent jurisdictional grounds are required because the United States does not seek to litigate any claim in the SEC's Civil Case on the merits but rather seeks intervention for a limited purpose of moving for a stay pending resolution in the Criminal Case. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *SEC v. Sripetch*, No. 20-CV- 1864-H-AGS, 2021 WL 165012, at *3 (S.D. Cal. Jan. 19, 2012). Third, merely allowing the United States to intervene to stay discovery for a limited period—until the resolution of the Criminal Case—will not significantly delay the Civil Case nor unduly prejudice the parties. *See, e.g., SEC v. Christian Stanley*, Inc., No. CV 11–7147 GHK, 2012 WL 13009158, at *4 (C.D. Ca. Sept. 6, 2012) ("Where a party seeks to intervene solely for the purpose of requesting a stay in the proceedings, the prejudice of intervention on the original parties is minimal.").

This Court has discretion to stay civil proceedings when it is in the "interests of justice." *Keating*, 45 F.3d at 324. The Ninth Circuit generally considers "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspects of the proceedings may impose on defendants; (3) the convenience of the Court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; . . . (5) the interest of the public in the pending civil and criminal litigation; and (6) the defendant's Fifth Amendment rights." *Nicholas*, 569 F. Supp. 2d at 1069

(*quoting Keating*, 45 F.3d at 324-25). As outlined below, each of the factors supports staying discovery in the Civil Case.

### 1. The Requested Stay Will Not Prejudice the Plaintiff

Here, the requested stay would not unduly delay the expeditious resolution of the SEC's Civil Case. The requested stay is for a limited duration—until the conclusion of the Criminal Case. At that time, the United States anticipates the Court would lift the stay the parties would have an opportunity to engage in full civil discovery. *See, e.g., Baker*, 2018 WL 1726534, at *3 (granting stay of discovery in securities class action where the government sought stay limited to a defined period). Further, the plaintiff, the SEC, does not object to the United States' request for a stay, and this weighs in favor of finding that the plaintiff will likely not be prejudiced by the proposed stay.

### 2. The Requested Stay Does Not Prejudice or Burden Dickerson

A stay of discovery for a limited duration would not prejudice Dickerson because, "'so far as preparation for trial in the civil action is concerned, appropriate opportunities for discovery can be allowed when the stay is lifted.'" *SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993) (*quoting SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)). Relatedly, the burden on a defendant is only a factor "tailored for the situation in which the defendant is seeking a stay of civil proceeding in light of a parallel criminal proceeding," and is therefore "not applicable when the government is the party seeking stay and the defendant opposes it." *Christian Stanley, Inc.*, 2012 WL 13009158, at *4 (emphasis in original). Here, because of the pending criminal charges against Dickerson, failure to stay the Civil Case would impose a greater burden on Dickerson because she would then be forced to choose between her Fifth Amendment privilege and defending herself in the Civil Case. Moreover, as noted above, Dickerson, through counsel, does not object to the request for a stay—this fact weighs heavily in favor of finding that Dickerson will not be prejudiced by the United States' proposed stay.

### 3. The Requested Stay Will Likely Streamline the Civil Litigation

Here, key issues in the SEC Case are substantially similar to issues in the Criminal Case. As a general matter, "considerations of judicial economy weigh most strongly in favor of staying a civil proceeding or aspects of the civil proceeding when a parallel criminal proceeding is pending at the same time and involves overlapping issues." *Christian Stanley, Inc.*, 2012 WL 13009158, at *5. That is because "a

stay may increase efficient use of judicial resources through the application of collateral estoppel." *Id.*; *see also, Nicholas*, 569 F. Supp. 2d at 1071 ("collateral estoppel in the criminal case may expedite the resolution of the civil case"); *Bureerong*, 167 F.R.D. at 87 ("some common factual questions may be conclusively determined in the criminal action," which "would pare down the issues to be determined in the civil case, and serve the interests of judicial economy by narrowing the focus of the action to the benefit of the litigants"). If the Criminal Case "were to result in a criminal conviction, collateral estoppel may resolve common issues between the proceedings, thereby streamlining the civil proceeding." *Christian Stanley, Inc.*, 2012 WL 13009158, at *5. Thus, judicial economy and conservation of litigation resources weigh in favor of a stay of the Civil Case.

        4.        <u>The United States' Interests Support Its Requested Stay</u>

"The interest of the public may be reasonably inferred by the United States of America's . . . stance on the parallel proceedings." *Bell on Behalf of Eco Sci. Sols., Inc. v. Taylor*, No. CV 17-00530- LEK-RLP, 2019 WL 1877285, at *4 (D. Haw. Apr. 26, 2019); *see also Bureerong*, 167 F.R.D. at 87 ("[T]he interests of the Government in protecting its criminal investigation are clearly [a] paramount concern . . . .").

Specifically, factual questions and issues that will be the subject of discovery in the Civil Case are central components of the United States' criminal prosecution. *See Nicholas*, 569 F. Supp. 2d at 1071-72 (explaining that the criminal discovery rules that the litigants would seek to circumvent "are purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment"); *SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *12 (S.D.N.Y. Jan. 26, 1993) ("a stay of discovery is often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution").

Here, a stay of discovery until the resolution of the Criminal Case reasonably protects the integrity of the United States' prosecution and is consistent with the relief often granted by courts in similar cases. *See, e.g., Downe*, 1993 WL 22126, at *13 ("[c]ourts have granted stays of discovery in order to protect the integrity of the pending criminal investigations, even where an indictment has not yet been returned") (granting stay of SEC action pending grand jury investigation involving the same civil defendant); *Baker*, 2018 WL 1726534, at *3 (granting stay of discovery in securities class action during ongoing criminal

investigation involving same underlying allegations); *Christian Stanley, Inc.*, 2012 WL 13009158, at *6 (granting stay of discovery in SEC action during ongoing criminal investigation into related securities fraud). A similar unopposed motion to intervene and stay in a parallel SEC case was recently granted in *SEC v. Tilila Sumchai*, ECF No. 12, Case No. 2:23-CV-2027-DJA (E.D. Cal., Nov. 9, 2023). As in *Sumchai* and the above-cited cases in this sub-section, here, the United States' interest is compelling and weighs strongly in favor of a stay.

5. The Public Interest Weighs Strongly in Favor of the Requested Stay

The public interest in the Criminal Case "overlaps substantially" with the United States' interest in protecting its criminal investigation and constitutes another significant factor that weighs in favor of a stay. *See Christian Stanley, Inc.*, 2012 WL 13009158, at *6. As a general matter, the Ninth Circuit gives "substantial weight" to the "public interest in law enforcement" when balancing against the public interest in prompt resolution of civil claims. *Bureerong*, 167 F.R.D. at 87 (*quoting Campbell*, 307 F.2d at 487). In addition, courts recognize the public interest in ensuring that the "integrity and truth-seeking function of the criminal [discovery] process" is not subverted. *Nicholas*, 569 F. Supp. 2d at 1072. In the Criminal Case, Dickerson's charged actions affected numerous members of multiple communities. In the Criminal Case, the victim-investors of Dickerson's Ponzi scheme have a substantial interest in seeing the Criminal Case through to resolution. In the Criminal Case, Dickerson's charged actions affected numerous members of multiple communities. The victim-investors of Dickerson's Ponzi scheme have a substantial interest in efficiently seeing the Criminal Case through to resolution prior to further proceedings in the Civil Case.

6. Fifth Amendment Considerations Support the Requested Stay

As noted above, the requested stay would also eliminate a potential burden on Dickerson, namely, having to choose between invoking her Fifth Amendment privileges in the Civil Case, which could be used against her in the Civil Case and civil litigation, and answering the Complaint in the Civil Case, responding to discovery, and testifying (whether at deposition or otherwise) in the Civil Case, wherein her statements and testimony could be used against her in the Criminal Case. *See, e.g., Nicholas*, 569 F. Supp. 2d at 1073 ("the Court has a substantial interest in protecting [a civil defendant's] right to a fair trial in the criminal case"); *see also Sullivan v. United States*, No. CV 20-00248 LEK-KJM, 2022 WL 105193, at *3 (D. Haw. Jan. 11, 2022) (finding that a defendant's Fifth Amendment rights may be implicated if a civil case is

UNITED STATES' MOTION TO INTERVENE AND STAY    6

litigated while charges are still pending in an overlapping criminal case); *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) ("A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy."). This final factor also weighs in favor of the United States' requested stay.

### III.  CONCLUSION

For the foregoing reasons, the United States requests that this Court grant its Motion to Intervene and to Stay the SEC's Civil Case, No. 2:24-CV-02379-JAM-SCR. Because this motion is unopposed, the United States, the SEC, and Dickerson, through her counsel, agree that no motion hearing need occur in relation to this filing and issue.

PHILLIP A. TALBERT
United States Attorney

Dated: November 4, 2024       By:   /s/ *Kristin F. Scott*
                                    KRISTIN F. SCOTT
                                    Assistant United States Attorney

**ORDER**

The Court, having received, read, and considered the United States' Motion to Intervene and Stay in the SEC's Civil Case, No. **2:24-cv-02379-JAM-SCR**, and good cause appearing therein, and pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B), accordingly **GRANTS** leave to the United States to intervene in the above-captioned matter; and

IT IS FURTHER ORDERED that, in the interests of justice, the above-captioned matter is hereby **STAYED** until the Criminal Case, No. 2:24-cr-00252-JAM, is completed.

Dated: November 06, 2024

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE